UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT L. LANCASTER, as Curator of
the Estate of Robert Warren Billewicz

    Plaintiff,

v.                                           Case No:   2:14-cv-97-FtM-29DNF

QUILLEN PROPERTIES, INC., JAMES P.
QUILLEN, JR. , KAREN K. QUILLEN and
THE UNKNOWN SPOUCE, HEIRS,
DEVISEES, GRANTED AND
CREDITORS OF ROBERT WARREN
BILLIEWICZ,

    Defendants/Third Party Plaintiffs
LILLIAN E. BILLEWICZ, MARCUS
MACRAE, JULIA MCCRAE-BILLEWICZ,
N.B., SCOTT MARTIN ROTH and THE
UNKNOWN SPOUCE, HEIRS,
DEVISEES, GRANTED AND
CREDITORS OF ROBERT WARREN
BILLIEWICZ,

Third Party Defendants
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    On February 19, 2014, this action was removed from the Twentieth Judicial Circuit in and for Collier County, Florida, and a Complaint (Doc. 2) was filed in this Court.  The Plaintiff, Robert L. Lancaster, as Curator of the Estate of Robert Warren Billewicz sued Quillen Properties, Inc. along with other Defendant for eviction.

    On April 4, 2014, this Court entered an Order (Doc. 24) which required Quillen Properties, Inc. to retain counsel to represent it.  The Court explained that pursuant to 28 U.S.C. §1654, parties may appear and conduct their own cases personally.  However, a lay person is not

permitted to represent any other person or entity. *United States of America v. Blake Medical Center,* 2003 WL 21004734, \*1 (M.D. Fla. Feb. 13, 2003). Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel. *Id.*, (citing, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)), see also, Local Rule 2.03(e). The Court allowed Quillen Properties, Inc. fourteen (14) days from the date of the Order to retain counsel. The Court cautioned Quillen Properties, Inc. that is it failed to retain counsel within this time period, the Court would recommend that a default be entered against it, and that all of its filings be stricken. Quillen Properties, Inc. failed to respond to the Order (Doc. 24).

On May 5, 2014, the Court entered an order to Show Cause (Doc. 28). The Court allowed Quillen Properties, Inc. one last opportunity to retain counsel to represent it. The Court allowed Quillen Properties, Inc. fourteen (14) additional days to show good cause why a default should not be entered against it for failing to retain counsel, and required Quillen Properties, Inc. to retain counsel within this time period. Again, Quillen Properties, Inc. failed to respond to this Order. As stated above, a corporation may appear in federal court only through counsel. Quillen Properties, Inc. failed to retain counsel in this case. Therefore, the Court will recommend that a default be entered against Quillen Properties, Inc. and recommend that all documents filed by Quillen Properties, Inc. (Docs. 11, 12, 22) be stricken.

**IT IS RESPECTFULLY RECOMMEDED:**

That a default be entered against Quillen Properties, Inc. and that all documents filed by Quillen Properties, Inc. be stricken for failure to retain counsel to represent it, and for failing to comply with Orders (Docs. 24, 28) of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 10, 2014.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties