UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT L. LANCASTER, as Curator of the Estate of Robert Warren Billewicz

    Plaintiff,

v.                                  Case No: 2:14-cv-97-FtM-29DNF

QUILLEN PROPERTIES, INC., a Florida Corp., JAMES P. QUILLEN, JR., and KAREN K. QUILLEN,

    Defendants/Third Party Plaintiffs

LILLIAN E. BILLEWICZ,

    Third Party Defendant.

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. #19) filed on March 13, 2014. Third-Party Defendant Lillian E. Billewicz (Third-Party Defendant or Billewicz) filed a *pro se* Notice of Removal (Doc. #1) on February 19, 2014. Defendants James Quillen and Karen Quillen (Defendants)[1] and Billewicz filed a Joint Opposition to Motion to Remand to State Court and Motion to Recognize Supplemental Jurisdiction Pursuant to 28 U.S.C. Section 1367 (Doc. #26) on April 17, 2014. Plaintiff

---

[1] Pursuant to Fed. R. Civ. P. 55(a), the Clerk issued an Entry of Default against Defendant Quillen Properties, Inc. on July 2, 2014. (Doc. #34.)

filed a Response on the issue of supplemental jurisdiction (Doc. #27) on May 5, 2014. For the reasons stated below, the case will be remanded to state court.

**I.**

In the Complaint for Eviction (Doc. #2), Plaintiff Robert L. Lancaster, as representative of the Estate of Robert Warren Billewicz (Plaintiff or Lancaster), demands the eviction of tenant Defendants from the subject property in Naples, Florida based on Plaintiff's judgment against Defendants for possession of the property at issue. (Doc. #2.) However, Defendants and Billewicz claim a valid contract for sale of the subject property. Accordingly, Defendants filed a Cross-Claim and Third-Party Complaint (Doc. #3) seeking specific performance from Plaintiff as to a constructive trust and from Billewicz on a contract of sale, and asserting unjust enrichment for improvements made to the subject property while it was in the possession of Defendants. Additionally, Billewicz has filed her own third-party complaint and cross-claim (styled as a "Counter Complaint") against Lancaster and others seeking to quiet title to the subject property in Billewicz in accordance with various orders of the New Hampshire Probate Court and the Collier County Florida Circuit Court. (Doc. #25.)

Billewicz removed the Complaint for Eviction on the basis of diversity of jurisdiction under 28 U.S.C. § 1441. In support, she

- 2 -

asserts that Plaintiff is deemed to be a citizen of Massachusetts under 28 U.S.C. § 1332(c)(2) because the deceased was a resident of Massachusetts.  Billewicz further alleges that Defendants are all citizens of the State of Florida and consent to the removal. Billewicz is a resident of the State of Vermont but she does not otherwise assert her citizenship.[2]  (Doc. #1, p. 3.)  No federal question is presented in the Complaint for Eviction (Doc. #2), the Cross-Claim and Third Party Complaint (Doc. #3), or the Counter Complaint (Doc. #25).

In support of his motion to remand, Plaintiff argues, *inter alia*, that third-party defendants such as Billewicz are not authorized to remove a case to federal court, and that removal was improper because the action was filed in Florida and Defendants are residents of Florida.  (Doc. # 19.)  Billewicz's response does not address Plaintiff's arguments.  Instead she contends that the Counter Complaint defeats remand because it provides a basis for the Court to assert supplemental jurisdiction over the Complaint for Eviction.  (Doc. #26.)  Plaintiff disagrees, arguing that

---

[2] "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

Billewicz is misapplying the doctrine of supplemental jurisdiction. (Doc. #27.)

**II.**

In pertinent part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." Notably, Section 1441(a) grants to power to remove to "the defendant or defendants," and the statue is silent as to a third-party defendant's authority to remove. Courts continue to be "hopelessly divided on whether and under what circumstances a third party defendant may remove to federal court." Central of Georgia Railway Co. v. Riegel Textile Corp., 426 F.2d 935, 937 (5th Cir. 1970). The majority view is that a third-party defendant is not a "defendant" for purposes of § 1441(a). First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 461-62 (6th Cir. 2002); 14C Charles A. Wright et al., Federal Practice & Procedure § 3730 (4th ed. 2009) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court . . . .").[3] The

---

[3] The former Fifth Circuit rejected the majority rule, holding that a third-party defendant may remove a case pursuant to 28 U.S.C. § 1441(c) under certain circumstances. Carl Heck Eng'rs., Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 136 (5th Cir. 1980).

Court will assume, for purposes of the motion, that third party defendant Billewicz is a "defendant" for removal purposes.

Such an assumption does not get Billewicz very far. Billewicz removed this action on the basis of diversity of citizenship as provided in 28 U.S.C. §§ 1332(a). (Doc. #1, pp. 3-4.) As a removing defendant asserting federal jurisdiction only on the basis of diversity jurisdiction, Billewicz is governed by 28 U.S.C. § 1441(b)(2), which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This means that

> "[w]hen a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship."

Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (internal citation omitted). Here, the Complaint for Eviction was filed in Florida state court and Billewicz acknowledges that Defendants are citizens of the State of Florida. (Doc. #1, p. 3.) Accordingly, even if Billewicz had the authority to remove as a "defendant", the case was not removable to federal court. Id.

Billewicz nonetheless contends that her Counter Complaint provides an independent basis for removal.  Billewicz asserts that, had the Counter Complaint been filed independently, the Court would have original jurisdiction on the basis of diversity of citizenship.  (Doc. #26, p. 3.)  Accordingly, Billewicz argues that the Court must therefore exercise supplemental jurisdiction over Plaintiff's Complaint for Eviction.  (Id.)

Whether a case is removable is determined by the well pleaded complaint.  The Court determines whether a case can be removed by examining the allegations in the complaint at the time the defendant files the notice of removal.  Keene Corp. v. United States, 508 U.S. 200, 206-08 (1993).  The contents of a counterclaim or third-party complaint, even if compulsory and otherwise providing federal jurisdiction, do not make the case removable.  Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-32 (2002).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand to State Court (Doc. #19) is **GRANTED**, and the case is remanded to the state court.

2. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the

Clerk of that Court.  The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of July, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record